**UNITED STATES of America**

**v.**

**168.21 ACRES OF LAND, MORE OR LESS, Situate in the TOWNS OF SOUTHBRIDGE AND STURBRIDGE, WORCESTER COUNTY, COMMONWEALTH OF MASSACHUSETTS, and Anton Cubranich, et al., Tract No. 1016E.**

Civ. A. No. 61–501.

United States District Court
D. Massachusetts.

June 27, 1963.

Stephen Moulton, Asst. U. S. Atty., for plaintiff.

S. Anthony Caprera, Southbridge, Mass., for defendants Harry D. Morse and Ruth S. Morse.

Richard Wait, Boston, Mass., for Sturbridge Corp. and Old Sturbridge, Inc.

John J. O'Shaughnessy, Southbridge, Mass., for Dorothy Curboy.

CAFFREY, District Judge.

On June 28, 1961 the United States filed a Declaration of Taking of certain interests in property located in Sturbridge, Massachusetts. Included in the taking was Tract No. 1016E, fee owners of which are Adrien A. and Gertrude M. Benoit, husband and wife, as tenants by the entirety. The interests taken by the United States were:

"The perpetual right, power, privilege and easement occasionally to overflow, flood and submerge Tracts Nos. (sic) * * * 1016E * * * in connection with the operation and maintenance of the Westville Dam and Reservoir Project * * *, together with all right, title and interest in and to the structures and improvements now situate on the land * * * provided that no structures for human habitation shall be constructed or maintained on the land, * * * and provided further that no other structures shall be constructed or maintained on the land, except * * * as may be approved in writing by the rep-

resentative of the United States in charge of the project; reserving, however, to the landowners, their heirs and assigns, all such rights and privileges as may be used and enjoyed without interfering with or abridging the rights and easements hereby acquired; the above estate is taken subject to existing easements for public roads and highways, public utilities, railroads and pipelines."

Mr. Benoit, acting *pro se*, did not claim a jury trial and the issue of the value of the condemned interest was tried to the Court without a jury. A view of the premises was taken on the day preceding the hearing.

I find:

(1) that the lot in question is a 0.95 acre tract located in Sturbridge, Massachusetts, immediately adjacent to State Highway No. 20;

(2) that prior to the instant taking the Commonwealth of Massachusetts made a taking which eliminated the rights of access from Route 20 to the locus;

(3) that the elevation of the locus is such that it is from 5 to 13 feet lower than the grade of Route 20;

(4) that the locus is subject to a perpetual pipeline easement granted by the Benoits' predecessors in title to an oil company for construction and maintenance of petroleum pipelines;

(5) that a brook flows across the lot from north to south near the westerly side and that from this brook to the westerly bound the locus is swampy; and

(6) that in addition to the brook which flows from a culvert under Route 20 across the locus there are two other culverts which deposit surface drainage from Route 20 on to the locus.

At the trial Mr. Benoit testified that in his opinion the property was worth $10,000 immediately before the federal taking and was worth Zero immediately thereafter. He advised the Court, however, that he sought to recover $4000.00 because he had been told that it would cost $4000.00 to fill the locus, raise it above flood level, and return it to its "original status."

I find, by reason of findings (2) through (6), that the highest and best use of this land was as a site for signposts. I find that it was so used both before and after the federal taking. I find that the only substantial effect the federal taking had on the locus was to impose an obligation on the owner to secure the permission of the Government prior to the erecting of any structures thereon. The taking also forbade construction of structures for human habitation. I give no weight to this since I find that the locus was totally unsuitable for such structures prior to the taking.

I find that subsequent to the taking the Government has consented to the owners' continued use of the locus as a site for signposts, and I find that Mr. Benoit is presently deriving income from the rental of two signposts located thereon. I further find that because of the no-access limitation and the pipeline easement which burden this property, there are no comparable sales in the Sturbridge area to be evaluated in order to determine the value of the locus.

Prior to the Government's expert learning of the no-access restriction to this lot, he filed a report to the Corps of Engineers in which he expressed the opinion that the damages from the taking were $500.00, and on the basis of this report and opinion a $500.00 deposit was paid into the Registry of this Court and subsequently withdrawn by the Benoits with Court approval. At the trial the Government's expert testified that upon learning of the no access restriction subsequent to filing his original report, and upon hearing the testimony of the Chief of the Hydrology and Hydraulics Section of the Corps of Engineers to the effect that flooding of a sub-

stantial portion of the locus might be expected only about once in 300 years, he revised his estimate of damages from the taking for this easement downward to $300.00.

I reject Mr. Benoit's opinion evidence as to the value of this property, which opinion I find to be without factual basis, and I find that the damages resulting from the taking herein are in the amount of $500.00.

Judgment accordingly.